# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINA F. GOINES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PERMANENT GENERAL ASSURANCE ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:16-cv-01613-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Regina F. Goines's motion to remand this action to the Circuit Court for the City of St. Louis, Missouri, from which it was removed by Defendant Permanent General Assurance Corporation (Doc. 6). The motion is fully briefed and ready for disposition. For the following reasons, the Court will grant the motion in part, and deny the motion in part.

### Background

On June 28, 2016, Plaintiff filed this civil action in the Circuit Court for the City of St. Louis, Missouri (Doc. 1). In her petition, Plaintiff alleges that, on October 7, 2015, she suffered serious physical injuries in a motor vehicle accident caused by the negligence of an unidentified driver who left the scene of the accident (Doc. 2). Plaintiff further alleges that, at the time of the accident, she was insured under an insurance policy issued by Defendant, which included an uninsured motorist policy providing "coverage of $25,000 per person, $50,000 per occurrence." According to Plaintiff, she is entitled to reimbursement under this policy for the injuries she

sustained in the accident. For relief, she seeks "a fair and reasonable sum in excess of $25,000.00, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated fact" (Id.).

On October 17, 2016, Defendant removed the case to this Court (Doc. 1). In its notice of removal, Defendant asserts that the Court has diversity jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds $75,000, see U.S.C. § 1332(a) (diversity jurisdiction). According to Defendant, the amount in controversy exceeds $75,000 because, in response to a request for admissions, Plaintiff indicated that she "would be willing to accept a settlement or verdict in excess of $75,000" (Docs. 1 at 1-2; 1.2).

Plaintiff now moves to remand this case back to the Circuit Court for the City of St. Louis (Docs. 6-7). In support of her motion, Plaintiff argues that her willingness to accept more than $75,000 to settle this case is irrelevant to the issue of whether removal of the case to federal court was proper, as it does not reflect the amount that is actually in controversy. According to Plaintiff, the amount in controversy in this case does not exceed $75,000 because her petition asserts a single claim seeking recovery under an insurance policy that will provide, at most, $25,000 in coverage. In Plaintiff's view, in light of the cap on the policy's coverage, only slightly more than $25,000 (the policy limit plus costs and interest) is really in controversy in this case. As such, she contends that the Court lacks jurisdiction over this matter, making removal under 28 U.S.C. § 1441 inappropriate. In addition, Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), claiming that Defendant lacked an objectively reasonable basis to remove this action.

In response, Defendant reiterates its assertion that the amount in controversy exceeds $75,000, given Plaintiff's concession that she would be willing to accept a settlement or verdict in excess of $75,000 (Doc. 8). Defendant further argues that the amount in controversy is greater than $75,000 because (1) Plaintiff could amend her complaint to add a vexatious refusal to pay claim, which would increase the amount of damages she could recover; and (2) there may exist other underinsured motorist insurance policies issued by other insurance companies under which Plaintiff could seek compensation (Id.). Defendant concedes, however, that it is aware of only one insurance policy that it has issued that may provide coverage for the motor vehicle accident at issue in this case, and that its applicable policy limit is $25,000 (Id. at 2).

In reply, Plaintiff contends that, in determining whether it has removal jurisdiction, the Court must look to the amount that was in controversy at the time of removal, not an amount that could be in controversy if she amends her complaint to add claims in the future, or if the parties ultimately discover additional insurance policies under which she could recover (Doc. 9).

**Analysis**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). "It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Hargis v. Access Capital Funding, LLC, 674 F.3d

783, 789 (8th Cir. 2012) (quoting Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011)).

Federal district courts generally have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). The amount in controversy is to be determined by "the value to the plaintiff of the right sought to be enforced." Advance Am. Servicing of Ark. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008); see also Schubert, 649 F.3d at 821. Federal courts lack diversity jurisdiction where, inter alia, it is apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover the minimum jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

On its face, Plaintiff's petition asserts a single claim for breach of an insurance contract with a policy limit of $25,000. Under Missouri law, "[w]hen an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself." Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 67 (Mo. 2000). Plaintiff can recover no more than $25,000 in damages in this action because the contract at issue has a policy limit of $25,000. Tresner v. State Farm Mut. Ins. Co., 957 S.W.2d 380, 381-83 (Mo. Ct. App. 1997) (policy limit is maximum plaintiff can recover under underinsured motorist insurance policy). Defendant has not identified any other policies under which Plaintiff could recover additional damages. Burian v. Country Ins. & Fin. Servs., No. 4:06-cv-0508-CEJ, 2006 WL 1722272, at *2 (E.D. Mo. June 20, 2006) (speculation regarding potential damages does not amount to the "preponderance of the evidence" required to meet burden of establishing Court's diversity jurisdiction); cf. Tresner, 957

S.W.2d at 381 (the amounts of individual uninsured motorist policies may be combined to allow an insured to recover on multiple policies on separate vehicles for a single accident involving one of those covered vehicles). Also, the Court is not persuaded by Defendant's argument that the amount in controversy exceeds $75,000 because Plaintiff could recover more than $75,000 should she amend her complaint to assert additional claims. See Hargis, 674 F.3d at 789 (jurisdiction is determined at time of removal). Finally, the Court concludes that Plaintiff's willingness to accept more than $75,000 to settle this action does not establish that the amount in controversy exceeds $75,000, as the petition, on its face, establishes to a legal certainty that her claim does satisfy the jurisdictional requirement. St. Paul, 303 U.S. at 288-89; Tresner, 957 S.W.2d at 381-83; cf. New v. Hunter's View, Ltd., No. 1:06-cv-179-CAS, 2007 WL 1040926, at *3 (E.D. Mo. Apr. 4, 2007) (remanding action to state court where removing party presented no evidence, other than demand letter seeking $125,000, to establish that the plaintiff's claim was actually worth the amount demanded); Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997) (demand letter alone is insufficient to establish diversity jurisdiction). In short, Defendant has failed to establish by a preponderance of the evidence that the Court has jurisdiction. Altimore, 420 F.3d at 768.

**Attorney's Fees**

When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of improper removal. 28 U.S.C. § 1447(c). An award of costs and fees under § 1447(c) is appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court concludes that Defendant's removal of this action was not objectively unreasonable, as Plaintiff's response to Defendant's requests for admissions

gave Defendant some basis to believe that the amount in controversy exceeded $75,000. Given that fact and other considerations, the Court concludes that an award of attorney's fees is not warranted under these circumstances.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it seeks remand of this action to the Circuit Court for the City of St. Louis, Missouri. The motion is denied to the extent it seeks an award of attorney's fees under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

Dated this 30th day of December, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**